**Entered on Docket**
**September 09, 2020**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



The following constitutes the order of the Court.
Signed: September 9, 2020

_____
**Charles Novack
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DAOVD AHMAD PLANTE,<br><br>Debtor. | Case No. 19-42576 CN<br>Chapter 13<br><br>**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND STAYING PROSECUTION OF OBJECTION TO PROOF OF CLAIM** |

    Debtor Daovd Ahmad Plante filed this Chapter 13 case on November 14, 2019 and this court confirmed his Chapter 13 plan by order dated January 6, 2020. On January 9, 2020 creditor "John Doe" filed a Proof of Claim asserting a general unsecured claim in the amount of $1,000,000 arising out of a pre-petition, personal injury lawsuit being litigated in San Francisco County Superior Court. John Doe's Superior Court complaint is attached to his proof of claim, and it asserts several causes of action against Plante, including claims for sexual battery, false imprisonment, and intentional infliction of emotional distress. Plante has objected to the proof of claim. While Plante wants this court to adjudicate the proof of claim, John Doe has filed a motion for relief from the automatic stay to allow the San Francisco County Superior Court to resolve his claims against Plante.

    This court has held several preliminary hearings to determine how to proceed and finally issued an order on August 14, 2020 requiring the parties to address whether this court is authorized under 28 U.S.C. § 157(b)(5) to adjudicate John Doe's proof of claim. If this court lacks the authority, this may constitute "cause" to grant John Doe's motion for relief from stay.

This court generally lacks the authority to trial personal injury tort and wrongful death claims under 28 U.S.C. § 157(b)(5). This statute provides that "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." Section 157(b)(5) is not jurisdictional in nature, and parties to a personal injury tort claim may expressly or impliedly consent to the adjudication of such a claim by a bankruptcy court. *Stern v. Marshall*, 564 U.S. 462, 478-482, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011).

There is little doubt that John Doe's claims are personal injury torts. Although courts disagree on the exact scope of this phrase, even the most restrictive definition would find that a sexual battery (and claims based on a sexual battery) fall within the statute's ambit. See, e.g., *Massey Energy Co. v. W. Va. Consumers for Justice*, 351 B.R. 348, 351 (E.D. Va. 2006); *Perino v. Cohen (In re Cohen)*, 107 B.R. 453, 455 (S.D.N.Y. 1989).

This court further finds that John Doe has not consented to this court's adjudication of his claims. A party may effectively consent to the bankruptcy court adjudicating a personal injury tort claim by failing to timely object. *See Wellness Int'l Network, LTD. v. Sharif, 135 S.Ct. 1932 (2015), In re Pringle, 495 B.R. 447 (*Bankr. 9th Cir. 2013*); Price v. Lehtinen (In re Lehtinen)*, 332 B.R. 404, 410 (Bankr. 9th Cir. 2005) *In re Mann,* 907 F.2d 923, 926 (9th Cir. 1990). John Doe filed a motion for relief from the automatic stay requesting permission to return to San Francisco County Superior Court and, when prodded, expressly stated that he did not consent to waiving his rights under 28 U.S.C. § 157(b). Moreover, in this instance, John Doe's filing of his proof of claim did not signal his assent.

This court also finds that cause exists to grant relief from the automatic stay to allow John Doe to litigate and liquidate his claims in San Francisco County Superior Court. Judicial economy and the efficient administration of the estate are factors this court may consider in deciding relief from stay motions. *See In re Conejo Enterprises, Inc.*, 96 F.3d 346, 352-54 (9th Cir. 1996). Superior Courts regularly handle personal injury torts, and it makes little sense to compel the District Court to try this case for the sole reason that John Doe filed a proof of claim in this Chapter 13 case. This is

Case: 19-42576    Doc# 41    Filed: 09/09/20    Entered: 09/09/20 20:32:57    Page 2 of 5

particularly true given the District Court's limited operations in civil cases. *See* General Order 72-5. Accordingly,

**IT IS HEREBY ORDERED** that John Doe's motion for relief from stay is granted, and he may litigate and liquidate his claims against Plante in his San Francisco County Superior Court action. **IT IS FURTHER ORDERED** that Plante's claim objection is stayed pending further order of this court.

* * * END OF ORDER * * *

Case No. 19-42576 CN

**<u>COURT SERVICE LIST</u>**

Daovd Ahmad Plante
175 E. 96th St., Apt. 20A
New York, NY 10128

Other recipients are ECF participants

5

ORDER

Case: 19-42576    Doc# 41    Filed: 09/09/20    Entered: 09/09/20 20:32:57    Page 5 of 5